# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

BRYAN GREGORY,

    Plaintiff,

vs.                                                            Case No. 2:18-cv-02793 JPM

ARTHUR RAVEN and
ANDREWS LOGISTICS
TEXAS, L.P.

    Defendants.

## ORDER DENYING EXTENSION AND ALTERNATIVE VOLUNTARY DISMISSAL

Before the Court is Plaintiff's Motion for Extension of Discovery Deadlines and Continuance of Trial Date or, in the Alternative, for Voluntary Dismissal Without Prejudice filed April 21, 2020 (ECF No. 56) and Defendants' Opposition to the Motion filed on May 5, 2020 (ECF No. 60.).  The Court held a hearing on the matter on May 19, 2020.  (ECF No. 63.)  The Motion for Extension of Discovery Deadlines and Continuance of Trial Date or, in the Alternative, for Voluntary Dismissal Without Prejudice is **DENIED.**

    **A. Background**

This is an action for negligence resulting in a traffic accident on December 18, 2017 on Lamar Avenue, near Shelby Drive.  (Complaint, ECF No. 1-2 at ¶ 12.)  Defendants admit that "due to [Raven's] foot slipping off the brake, his vehicle moved forward and made contact with the rear of the Plaintiff's vehicle."  (Andrew Logistics Texas Answer, ECF No. 9 at ¶ 15; Raven Answer ECF No. 13 at ¶ 15.) Defendants also admitted that Raven "was guilty of simple negligence with

regard to his foot slipping off the brake, and the vehicle rolling forward and making minor contact with the rear of Plaintiff's vehicle." (Id. at ¶ 16 in both Answers.) Defendants "den[y] gross negligence or reckless conduct and further deny[y] that Plaintiff suffered any personal injury or other damages in the accident." (Id. at ¶ 17 in both Answers.) This case is about what damages, if any, were proximately caused by the accident.

On July 29, 2019, the Plaintiff filed an unopposed motion for an extension of deadlines. (ECF No. 33.) The Plaintiff requested an additional 183 days of discovery—extending the previous deadline from October 15, 2019 to April 15, 2020. (Id. at PageID 93.) The purpose of this extension was to allow the Plaintiff to complete treatment so that his final medical evaluation would be accurate. (Id. at PageID 92.) The Court granted the full extension. (ECF No. 40.) The Plaintiff completed treatment with his physician, Dr. Brian Reese, on January 13, 2020. (ECF No. 56-1 at PageID 212.)

Under the Amended Scheduling Order the Plaintiff was required to disclose any retained expert witness by February 17, 2020.[1] (ECF No. 40 at PageID 113.) Under the Amended Scheduling Order, the Defendants were required to disclose any retained expert witnesses by March 20, 2020. (Id.) On March 20, 2020, the Defendants filed their notice of service of expert disclosures. (ECF No. 51.) On March 23, the Defendants filed their motion for Summary Judgment on the grounds that no experts had been identified at the appropriate stage and, under Tennessee law, "a Plaintiff in a personal injury case must establish that his injuries were caused by the subject accident and must do so with expert proof." (ECF No. 52 at PageID 136.)

---

[1] The Court takes judicial notices of the fact that the COVID-19 pandemic has impacted certain scheduling deadlines in certain cases. The Court also notes that the pandemic did not affect the practice of law in the State of Tennessee in February 2020, and therefore has no bearing on this determination.

On April 21, 2020, the Plaintiff filed a response in opposition to the motion for summary judgment and the instant Motion. (ECF Nos. 55, 56.) In the instant Motion, the Plaintiff conceded that "the ideal procedure would have been to file a Motion for Extension of the Expert Disclosure Deadline as soon as it became clear that Plaintiff would not be able to comply with the deadline due to the proximity between the conclusion of Plaintiff's treatment and the deadline for expert disclosure." (ECF No. 56 at PageID 213.) The Plaintiff cited reorganization within the law firm as the source of the confusion and delay. (Id.)

On April 17, 2020,[2] the Plaintiff served his first expert disclosures. (See ECF No. 59-1.) These disclosures included the identities of nine expert or expert/fact hybrid witnesses, but only the CV's of three of the asserted expert witnesses.[3] (ECF No. 59-1.) No additional documentation was provided for the remaining six expert witnesses. (Id.) No reports were produced with the disclosures. (Id.) The pages labeled "EXPERT DISCLOSURES" also lacked any addresses and telephone numbers.[4] (Id.)

**B. Analysis**

**Plaintiff's Motion for Extension of Expert Report Disclosure Deadline**

Fed. R. Civ. P. 26(a)(2)(A) states that "[i]n addition to the disclosures required by Rule 26(a)(1)[5] a party must disclose to the other parties the identity of any witness it may use at trial to

---

[2] This is the date that appears on the disclosures themselves, as docketed. However, Plaintiff's response to the Motion for Summary Judgment was docketed on April 21, 2020, and the Defendants assert that this was the date of the disclosures. This four-day discrepency does not impact the analysis.

[3] Dr. David Strauser, Dr. Apurva Dalal, and Robert Vance, CPA.

[4] The CV's were not docketed with the Court and may have contained this contact information.

[5] Rule 26(a)(1)(A)(i) requires disclosure of "the name and, if known, the address and telephone number of each individual." Because this rule is invoked "in addition" to the other disclosures required of expert witness, the parties are required to provide this contact information for expert witnesses as well as fact witnesses.

3

present evidence under Federal Rule of Evidence 702, 703, or 705."  Additionally, the rule requires the following:

> this disclosure must be accompanied by a written report-prepared and signed by the witness . . . The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). There is no question that Plaintiff's disclosures do not satisfy the written report requirement. The relevant scheduling order provides that "[a]bsent good cause shown, the deadlines set by this order will not be modified or extended." (ECF No. 40.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court finds that Plaintiff's deficient disclosure was neither harmless nor substantially justified.

**<u>Harmless</u>**

"A failure to properly disclose [an expert witness] may be deemed harmless when the failure involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." <u>Etheridge v. E. I. du Pont de Nemours & Co.</u>, 2015 U.S. Dist. LEXIS 188910, *8 (W.D. Tenn. October 14, 2015) (citing <u>Sommer v. Davis</u>, 317 F.3d 686, 692 (6th Cir. 2003))

(internal quotation marks omitted). This "harmlessness" test has two necessary elements: honest mistake and sufficient knowledge on the part of the other party. Id. The burden of proving harmlessness rests with the potentially sanctioned party. Id.

In this case, the Plaintiff asserts that the failure to disclose was an honest mistake caused by internal disorganization. (ECF No. 56.) The Plaintiff knew the proper procedure, as demonstrated by the prior successful request for an extension of approximately six months. (ECF No. 33.) Plaintiff's counsel stated as much to the Court during the hearing. The Court accepts the Plaintiff's assertion that the mistake was inadvertent.

The Court nevertheless does not find that the Plaintiff's failure was harmless, because the Defendants were not provided with sufficient notice of who would be testifying such that they could reasonably prepare for trial. Opposing counsel was only notified of the mistake two months after the applicable deadline, and a month after Defendants' Motion for Summary Judgment was filed. (ECF No. 52.) The Defendants reasonably relied on the lack of expert disclosures, procuring their own expert reports according to the timetable provided by the scheduling order, and moving for summary judgment on that basis. (ECF Nos. 51–52.) And the disclosures that Plaintiff eventually produced still lacked the report and/or disclosures contemplated under the Rules as well as contact information that would have enabled the Defendants to issue relevant subpoenas if necessary. (ECF No. 59-1.) Indeed, harm to the Defendants was acknowledged by the Plaintiff during the hearing; Plaintiff's counsel conceded that sanctions would be in order. The appropriate remedy at this stage in the litigation is the exclusion of Plaintiff's experts because a substantial extension of time had already been granted to the Plaintiff in this case, the Plaintiff's delay was very significant, and even after the problem was discovered the disclosures did not meet the requirements of Rule 26.

**Substantially Justified**

"The potentially sanctioned party. . . bears the burden of proving harmlessness or substantial justification." EQT Prod. Co. v. Phillips, 767 F. App'x 626, 634 (6th Cir. 2019). The Sixth Circuit considers five factors in assessing whether a party's omitted or late disclosure is "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Howe v. City of Akron, 801 F.3d 718, 748 (6th Cir. 2015)

In this case, all five of the five factors weigh against the Plaintiff. Factor one, surprise against whom the evidence would be offered, weighs in favor of the Defendants. Plaintiff disclosed no experts at the required deadline. On April 17, 2020, Plaintiff identified nine potential experts while failing to disclose signed expert reports from any of them. At the previous conferences, Plaintiff had indicated that he intended to call only three to four expert witnesses. (ECF No. 18.)

Factor two, the ability to cure the surprise, weighs in favor of the Defendants. The period for deposing expert witnesses had already elapsed when the insufficient disclosures were made. Moreover, the disclosures lacked specificity, lacked the required signed expert reports, and lacked contact information for the majority of the listed experts. Defendants lacked both the time and the information needed to attempt to cure their surprise.

Factor three, the extent to which allowing the evidence would disrupt the trial, weighs slightly in favor of the Defendants. Trial was set approximately ten weeks from the date of

Plaintiff's disclosure.[6]  But for the Covid-19 Pandemic, Plaintiff's late disclosure would have disrupted the established trial schedule.

Factor four, the importance of the evidence, weighs in favor of the Defendant.  Damages experts have been anticipated since the inception of the case.  (ECF No. 18 at PageID 63; "This case is about what damages, if any, were proximately caused by the accident.")  It appears that the accident that gave rise to this case did not occur at high speed.  (Id.)  The evidence as to whether the collision was the proximate cause of the Plaintiff's significant back injuries has been a key issue in this case since the initial Rule 16 conference.  (Id. at PageID 64.)  Expert testimony as to the proximate cause of Plaintiff's injuries was of paramount importance in this case.

Factor five, the nondisclosing party's explanation for its failure to disclose the evidence, weighs in favor of the Defendants. The Plaintiff's asserted reason for the delayed disclosure is neglect due to internal disorganization.  Internal disorganization is a matter entirely of Plaintiff's counsel's own creation and is not a factor as to which an opposing party should be disadvantaged.

In Expeditors Int'l of Wash. v. Vastera, Inc., the Defendant's discovery violations were not found to be substantially justified even though Plaintiff did not disclose its trade secret positions until just days before Defendant's expert reports were due.  See Expeditors Int'l of Wash. v. Vastera, Inc.No. 01-CV-71000-DT, 2004 WL 406999, 2004 U.S. Dist. LEXIS 31607, at *13 (E.D. Mich. May 24, 2004).  The Court found that the Defendant in Expeditors knew the nature of the allegations would be an issue, and "the proper course of conduct would have been to request an

---

[6] Defendant filed its incomplete – and insufficient – "expert disclosures" on April 17, 2020.  The jury trial under the Second Amended Scheduling Order was set for July 13, 2020.  (ECF No. 40.)  It should be noted that all Civil Jury Trials were suspended in the Western District of Tennessee on March 13, 2020 as a result of the Covid-19 Pandemic.  Administrated Order 2020-11, March 13, 2020.

extension of time. [The Defendant] never did so. [The Defendant] cannot now assert that its actions were substantially justified." Id.

Plaintiff demonstrates no legal justification in this case. The Plaintiff failed to disclose his expert witnesses. (ECF No. 56.) This failure was not related to the cessation of the Plaintiff's medical treatment, which had concluded months earlier. (ECF No. 56-1 at PageID 212.) While Plaintiff's expert witness information does not appear to have been withheld for a litigation advantage, the Court finds that withholding of the information was harmful to the Defendants. Plaintiff has failed the five-factor analysis under Howe. The Court finds that Plaintiff's Motion for Extension of Discovery Deadlines should be **DENIED.**

## Plaintiff's Motion for Dismissal without Prejudice

Plaintiff moves to dismiss the case without prejudice. "The controlling Sixth Circuit law provides that it is generally an abuse of discretion to deny a motion to dismiss without prejudice unless the defendant will suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to the mere prospect of a second lawsuit." Foster v. Wal-Mart Stores E., LP, No. 3-11-0367, 2012 U.S. Dist. LEXIS 103687, at *3 (M.D. Tenn. July 23, 2012) (citing Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Wise v. Williams, 2012 U.S. Dist. LEXIS 76281, 2012 WL 1969855, *1 (M.D. Tenn. June 1, 2012))(internal quotation marks omitted). "To determine if there has been 'plain legal prejudice,' the Court must consider the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the plaintiff's part, any insufficient explanation for seeking a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id. In Foster v. Wal-Mart Stores E., LP, the Court found that these factors weighed "heavily in favor of the [D]efendant" where the defense

had incurred $17,000 in attorney's fees defending the suit, the case was on the verge of trial, and a Motion for Summary Judgment had been filed and briefed. Id.

At the time Plaintiff's Motion for Extension of Discovery Deadlines and Continuance of Trial Date or, in the Alternative, for Voluntary Dismissal Without Prejudice was filed, all discovery was closed and the time allotted for taking expert depositions had elapsed. (ECF No. 40.) From the beginning of the case, experts were anticipated for both parties. (ECF No. 18 at PageID 64; "Three or four [expert witnesses] anticipated including treating phsyicians.") Defendants had filed a Motion for Summary Judgment a month prior, relying on Plaintiff's failure to disclose necessary expert witnesses. (ECF No. 52.) The Defendants had been litigating the case since it was filed in State Court on October 10, 2018 based on a motor vehicle accident which occurred on December 18, 2017. (ECF No. 1-1.)

Substantial time has elapsed since the accident, Plaintiff was not diligent in disclosing its experts or requesting additional time, despite having been provided an additional six months of discovery. The Defendant has already filed a Motion for Summary Judgment in good faith, relying on the disclosure deadlines set in the Amended Scheduling Order.

The Court finds that the Defendants would be suffer plain legal prejudice if the Motion for Dismissal without Prejudice was granted. For the foregoing reasons, said Motion is **DENIED.**

**SO ORDERED**, this 21st day of July, 2020.

      /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE